

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

October 10, 1963

Mr. Phillip G. Hoffman
President
University of Houston
3801 Cullen Boulevard
Houston 4, Texas

Opinion No. C- 157

Re: Whether the Board of
Regents of the University
of Houston may borrow money
for the construction of
student parking lots, pledg-
ing that portion of student
parking fees not actually
required for regular repairs
and operating personnel
for the repayment of the
loan.

Dear Mr. Hoffman:

Your request for an opinion reads as follows:

"With its tremendous increase in enroll-
ment this Fall, the University of Houston is
faced with the necessity of building new park-
ing facilities, at a cost which may approxi-
mate $500,000. If legally possible, the Uni-
versity proposes to borrow the money necessary
for such construction, probably for a five-year
period, retiring the loan from proceeds of a
special parking fee.

"Essential facts are these:

(1)  Under the provisions of Article
     2654a, Section 4.a, Vernon's Civ-
     il Statutes, the University of col-
     lecting a student parking fee is
     $5 for each regular semester and
     $2 for each summer term of six weeks.

(2)  The University is operating under Sen-
     ate Bill 2, Acts of the 57th Legis-
     lature, regular session; as amended

-760-

> by House Bill 291, Acts of the 58th
> Legislature; compiled as Article
> 2615g, Vernon's Civil Statutes.
>
> (3) Section 11 of Article 2615g gives the
> Board of Regents very broad authority
> to borrow funds. Particular reference
> is made to paragraph one of this Sec-
> tion which enumerates the projects
> which may be financed '. . .and such
> other buildings <u>and facilities</u> as
> may be needed <u>for the good of</u> the
> University of Houston . . .' (under-
> lining supplied).

"Reference is also made to the second
paragraph which appears to permit the pledg-
ing of special fees to retire loans made for
construction.

"QUESTION: May the Board of Regents of the
University of Houston borrow money for the
construction of student parking lots, pledg-
ing that portion of student parking fees not
actually required for regular repairs and oper-
ating personnel for the repayment of the loan?

"Since our parking problem is critical
and in need of immediate solution, we will
greatly appreciate your opinion as soon as
possible.

The University of Houston was created by the pro-
visions of Article 2615g, Vernon's Civil Statutes, and the
organization and control of such University is vested in a
Board of Regents created by Section 2 of Article 2615g.

"Sec. 11. The Board of Regents of the
University of Houston is hereby authorized and
empowered without cost to the State of Texas
to construct or acquire through funds or loans
obtained from the United States of America, or
any agency thereof, or any other source, public
or private, and accept title thereto subject
to such conditions and limitations as may be pre-
scribed by said Board, including, but not limited
to class room buildings, dormitories, kitchens
and dining halls, hospitals, libraries, student

activity buildings, gymnasia, athletic buildings and stadia, and such other buildings and facilities as may be needed for the good of the University of Houston and the moral welfare and social conduct of its students, when the total cost, type of construction, capacity of the buildings, plans and specifications have been approved by the Board.

"Provided further, that the Board is authorized to fix fees and charges against the students for the use of the buildings and facilities erected under the authorization of this Section so long as indebtedness remains against such buildings and their equipment, and to pledge the revenues from such fees and charges for the payment of the costs of construction and equipment of such buildings."

"Sec. 12. The Board of Regents is authorized to fix fees, rentals and charges for the use of the dormitories, auditoriums, dining halls, buildings and all other facilities of the University of Houston, and shall make rules and regulations to assure the maximum occupancy and use thereof. The charges made and fees fixed against students and others using any such facilities shall be in amounts deemed by the Board to be reasonable, taking into consideration the cost of providing such facilities and services, the use to be made thereof, and the advantages to be derived therefrom."

It is noted that under Section 11, the Board of Regents of the University of Houston, is authorized without cost to the State, to construct or acquire through funds or loans obtained from any source, public or private, such classroom buildings, dormitories, etc., as may be needed for the good of the University of Houston. It is further noted that the Legislature in specifying the purposes for which funds or loans may be obtained, used the phrase, "including, but not limited to. . ." It is specifically authorized to fix fees and charges against the students for the use of buildings and facilities erected under the authorization of this Section so long as the indebtedness remains against such buildings and their equipment and to pledge the revenues from such fees and charges for the payment of the cost of construction.

Thus, under the provisions of Section 11, the acquisition of funds cannot become an indebtedness against the State and, therefore, neither Section 49 of Article III nor Section 6 of Article VIII of the Constitution of Texas would prohibit the Board of Regents of the University of Houston from entering into contracts authorized by Section 11 of Article 2615g, Vernon's Civil Statutes. See Attorney General's Opinion C-134 and authorities cited therein.

Subdivision a of Section 4 of Article 2654a, Vernon's Civil Statutes, provides:

"Each of the governing boards of the various institutions of higher learning covered by Section 3 of this Article is authorized to charge and collect from students registered in said respective institutions fees to cover the costs of student services which the said governing board deems necessary or desirable in carrying out the educational functions of the institution, such fee or fees to be either voluntary or compulsory as determined by the said governing boards. Provided, however, that the total of all such compulsory student service fees collected from all students shall not exceed Thirty Dollars ($30) for any one (1) semester or summer session. Provided, however, no fee for parking service or facilities may be levied on any student except those who choose and desire to use the parking facilities provided." (Emphasis added).

Under the facts submitted by you, the University of Houston is collecting a parking fee from those students who choose and desire to use the parking facilities provided, and desire to pledge such fees to retire any loan obtained pursuant to Section 11 of Article 2615g, Vernon's Civil Statutes.

Based on these facts, you are advised that the Board of Regents of the University of Houston may borrow money for the construction of student parking lots, provided that such loan shall be without cost to the State of Texas, and is paid only from fixed fees and charges against the students of the University of Houston who choose and desire to use the parking facilities provided.

SUMMARY

The Board of Regents of the University of Houston may borrow money for the construction

of student parking lots, provided that such
loan shall be without cost to the State of
Texas, and is paid only from fixed fees and
charges against the students of the University
of Houston who choose and desire to use the
parking facilities provided.

Yours very truly,

WAGGONER CARR
Attorney General

By *John Reeves*
John Reeves
Assistant

JR:ms:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Gordon Zuber
Nicholas Irsfeld
Fred D. Ward

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone